UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                           Case No. 09-10607-DHW
                                                Chapter 11
JOSEPH ALAN GREENLEE, III,
JOAN L. GREENLEE,

   Debtors.

ORDER SUSTAINING OBJECTION TO CLAIM

The debtor filed an objection to Claim #12 of SunSouth Bank. The bank filed the claim as secured. The debtor contends that the claim is not secured and that the claim is due to be paid as an unsecured deficiency claim under Class 9 of the confirmed plan. The creditor concedes that the claim is not secured but contends that the plan provides discriminatory treatment of its claim.

The objection came on for hearing on December 2, 2009 at which time the parties submitted the objection to the court based on briefs to be filed by January 4, 2010. A short review of the facts will be helpful.

The claim arises from the prepetition purchase of a 1980 Cessna Aircraft by the debtor's company, JAG Equipment LLC. The debtor signed a personal guaranty of the debt.

The debtor filed a chapter 11 petition on March 31, 2009, listing SunSouth Bank as an unsecured creditor with a contingent and unliquidated claim. SunSouth Bank filed a secured claim on June 24, 2009 in the amount of $252,773.70. The debtor's schedules estimate the value of the plane at $225,000. However, the creditor estimates the value of the plane at $90,000, resulting in a deficiency claim on the guaranty of over $162,000.

The debtor filed a chapter 11 plan proposing to treat unsecured

claims in two different classes – Class 8 and Class 9. Class 8 consists of "allowed unsecured claims not entitled to priority." The plan identifies the claims in this class in a table showing both the name of the creditor and the and the amount of the claim. SunSouth Bank is not listed in the table. The plan proposes to pay 70% of the claims in Class 8. Class 9 consists of "all deficiency claims or other allowed unsecured claims not provided for in the Debtors' plan." The plan does not identify these claims individually. The plan proposes to pay only 25% of the claims in Class 9.

SunSouth Bank did not file an objection to the plan. The plan was confirmed on August 14, 2009. The debtor filed the instant objection to the claim on September 22, 2009. In response to the objection, the creditor asserts for the first time that its treatment under the plan is in violation of 11 U.S.C. §§ 1122(a) and 1123(a)(4).[1]

However, this was an issue that could and should have been raised as an objection to confirmation of the plan. The plan is not ambiguous or unclear. SunSouth Bank is not listed among the unsecured creditors identified in Class 8, and SunSouth's claim falls within the description of claims included in Class 9 – "deficiency claims." In addition, Class 9 includes "other allowed unsecured claims not provided for in the Debtors' plan." Because the claim is not provided for in Class 8, the claim is included in Class 9. If SunSouth Bank was not satisfied with this treatment, it should have filed an objection.

With regard to the effect of a confirmed plan, 11 U.S.C. § 1141(a) states as follows:

> Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor . .

---

[1] 11 U.S.C. § 1122(a) requires claims in a class to be substantially similar to the other claims in that class. 11 U.S.C. § 1123(a)(4) requires a plan to provide the same treatment for each claim within a particular class, unless the holder agrees to a less favorable treatment.

2

> . and any creditor . . . whether or not the claim or interest of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan.

The debtor contends that SunSouth Bank is bound by the terms of the confirmed plan and precluded from asserting the objection under the principle of *res judicata*. To establish the doctrine of *res judicata*, the following elements must be shown:

> (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

*Florida Dep't of Revenue v. Omine (In re Omine)*, 485 F.3d 1305, 1311-12 (11th Cir. 2007) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1906 (11th Cir. 2001). *Res judicata* "bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *Id.* at 1312. *See Russo v. Seidler (In re Seidler)*, 44 F.3d 945, 948 (11th Cir. 1995) (confirmed chapter 13 plan bars relitigation of issues "properly within the scope of the confirmation hearing").

In the instant case, the order confirming the chapter 11 plan was rendered by a court of competent jurisdiction and constituted a final judgment on the merits. "[A] bankruptcy court's order confirming a plan of reorganization is given the same effect as any district court's final judgment on the merits." *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II)*, 898 F.2d 1544, 1550 (11th Cir. 1990).

The parties to this claim objection (SunSouth Bank and the debtor) were also parties to the plan confirmation. SunSouth Bank does not contend that it did not have a full and fair opportunity to be heard in connection with the confirmation process. Indeed, the court record contains a certificate of service filed by debtor's counsel indicating that

3

SunSouth Bank was served with notice of the plan, the confirmation hearing, and the bar date for filing objections to the plan.

Further, the objection asserted by SunSouth Bank is the same as the objection that it could have asserted to confirmation of the chapter 11 plan. The plan's terms are not ambiguous and are plain on their face, and any objection to the terms could have been raised at the time of confirmation. *See Finova Capital Corp. v. Larson Pharmacy, Inc. (In re Optical Technologies, Inc.)*, 425 F.3d 1294, 1304 (11th Cir. 2005).

Having failed to object to the plan, SunSouth Bank is now bound by its provisions. SunSouth Bank has not asserted any ground for relief under Fed. R. Bank. P. 60(b) (as incorporated by Fed. R. Bankr. P. 9024). Accordingly, it is

ORDERED that the debtor's objection to Claim #12 filed by SunSouth Bank is SUSTAINED, and the claim is allowed as an unsecured claim to be paid in accordance with the provisions of Class 9 of the confirmed chapter 11 plan.

Done this 7th day of January, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Cameron A. Metcalf, Attorney for Debtors
   Stephen T. Etheredge, Attorney for SunSouth Bank
   Teresa R. Jacobs, Bankruptcy Administrator